E-FILED
Friday, 23 April, 2010  03:14:28 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| LAWRENCE J. HESS and VICKIE C. WARREN, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No.  09-3334 |
| KANOSKI & ASSOCIATES, a professional corporation, RONALD L. KANOSKI, and KENNITH W. BLAN, JR., | ) ) ) ) ) | |
| Defendants. | ) ) | |

## <u>OPINION</u>

JEANNE E. SCOTT, U.S. District Judge:

This cause is before the Court on Defendants Kanoski & Associates's, Ronald L. Kanoski's, and Kennith W. Blan, Jr.'s Motion to Dismiss (Motion) (d/e 13) and Memorandum of Law in Support of Defendants' Motion to Dismiss (Memorandum) (d/e 14).  Plaintiffs Lawrence J. Hess and Vickie C. Warren have filed Plaintiffs' Brief in Opposition to Defendants' Motion to Dismiss (d/e 15).  This matter is fully briefed and ripe for adjudication.  For the following reasons, Defendants' Motion is denied.

1

## FACTS

Plaintiff Hess is an attorney licensed to practice law in the States of Illinois and Missouri.  He is married to Plaintiff Warren, and both Plaintiffs are residents of St. Louis County, Missouri.   Defendant Kanoski & Associates (the Firm) is a professional corporation organized under the laws of the State of Illinois whose employees are engaged in the practice of law.  While the Firm's principal office is in Springfield, Illinois, it also maintains offices in Bloomington, Champaign, Decatur, Macomb, Peoria, Quincy, and Rushville, all within the State of Illinois.  Defendants Kanoski and Blan are Illinois residents and attorneys licensed to practice law in the State of Illinois.  Defendant Kanoski is the president and sole shareholder of the Firm; Defendant Blan is the sole proprietor of Blan Law Offices.

From May 9, 2001, until February 14, 2007, Plaintiff Hess was an employee of the Firm.  Hess and the Firm entered into an Employment Agreement, which specified the terms and conditions of Hess' employment and included provisions related to Hess' compensation.  Complaint (d/e 1), Ex. A, Employment Agreement.  During Hess' employment with the Firm, Hess was referred and given responsibility for, among others, the following cases: the Loyd Case, the Eller Case, the Hoelscher Case, the Fetterman

2

Case, the Lowery Case, the 170 Dow Corning Breast Implant Cases, and the Thompson Case (collectively the Disputed Cases).

At first, things went relatively well between Hess and the Firm.  Hess obtained a $1,000,000 verdict in a medical malpractice case in 2003, and generated nearly $950,000 in attorneys' fees for the Firm between October 2003 and April 2005.  Starting in 2002, Hess alleges that he obtained statutory attorney's liens pursuant to 770 ILCS 5/1 on the Disputed Cases. In March 2006, things turned sour between Hess and Defendants.  Hess alleges that Defendants Kanoski and Blan, without Hess' knowledge or consent, took over the Hoelscher Case while Hess was out of the office with an illness.  Hess further alleges that Defendants Kanoski and Blan took over other Disputed Cases, settling some of them, and losing the Eller Case at trial.  Complaint, ¶¶ 33-38.

On February 14, 2007, Defendant Kanoski informed Hess that the Firm would no longer handle medical malpractice cases, and Kanoski fired Hess.  Hess returned to the office on February 22, 2007, to collect his belongings, but discovered that the Firm "had thrown away all his personal and professional belongings . . . and that all of the files that were in his office had been removed from his office.  [Hess] was also denied access to

his computer files and work product." Complaint, ¶ 43. Apparently, Hess obtained new employment with The Rex Carr Law Firm in East St. Louis, Illinois.

On May 15, 2008, Hess' attorney, Bruce A. Carr, also of The Rex Carr Law Firm, sent notices of attorney's liens on Hess' behalf to Defendants here and to the parties in the Thompson, Loyd, and Eller Cases. Defendants allege that from February 1, 2008, through at least December 1, 2008, Hess' registration status with the Illinois Attorney Registration and Disciplinary Commission was "inactive," and that Carr knew that Hess was not authorized to practice law in the State of Illinois during that time period.

Defendants filed suit against Hess and Carr in the Circuit Court of Sangamon County, Illinois, on December 1, 2008 (State Court Case). Memorandum, Ex. A, Complaint at Law. Defendants allege that Hess and Carr committed mail fraud in contravention of 720 ILCS 5/17-24(b)(3); falsely represented to the clients in the Disputed Cases that they were the attorneys responsible for the Disputed Cases; and conspired to fraudulently deprive Defendants of attorneys' fees in the Loyd, Eller, and Thompson Cases, in violation of 720 ILCS 5/16-1(a). Defendants also allege that Hess

4

violated 720 ILCS 5/32-5(a) by falsely impersonating an attorney authorized to practice law. Carr, who represents Plaintiffs in this lawsuit, was disqualified from representing Hess in the State Court Case. Memorandum, Ex. D, Docket Sheet for Case No. 2008 L 291, Docket Entry of July 8, 2009.

On February 23, 2009, Plaintiffs here filed a complaint nearly identical to the Complaint in this matter in federal court in Missouri. However, on August 28, 2009, the U.S. District Court for the Eastern District of Missouri dismissed Plaintiffs' case for lack of personal jurisdiction. Memorandum, Ex. I, Order of August 28, 2009.

On September 17, 2009, Hartford Casualty Insurance Company, Defendants' insurer, filed a declaratory judgment action in the U.S. District Court for the Central District of Illinois against the Firm, Kanoski, Hess, and Warren. Cent. Dist. Ill. Case No. 09-3242, Complaint for Declaratory Judgment (d/e 1). Hess and Warren filed a cross claim against the Firm, Kanoski, and Blan, asserting the same causes of action that they asserted in the previously dismissed Missouri case. Cent. Dist. Ill. Case No. 09-3242, Crossclaim/Third-Party Complaint (d/e 9). Judge Richard Mills dismissed the case on December 18, 2009, after the Firm, Kanoski, and Blan withdrew

their request for coverage from Hartford.  Cent. Dist. Ill. Case No. 09-3242, Opinion (d/e 24).

Plaintiffs then filed their suit in this Court on December 23, 2009, with jurisdiction predicated on diversity of citizenship.  Complaint.  The claims are identical to the ones presented in the Missouri suit, and to the ones presented in the cross claim in the declaratory judgment action.  The eleven-count Complaint alleges claims for: (1) violations of the Wage Payment and Collection Act, 820 ILCS 115/1 et seq.; (2) deceptive practices; (3) wrongful discharge; (4) breaches of contract: (5) inducing breaches of contract; (6) tortious interference with contracts, business expectancies, and prospective economic advantages; (7) unjust enrichment and quantum meruit; (8) intentional and negligent spoliation of evidence and conversion of Hess' property; (9) breach of fiduciary duty; (10) loss of consortium brought by Plaintiff Warren; and (11) illegal conspiracy.

Defendants then filed their Motion under Federal Rule of Civil Procedure 12(b)(1), asking the Court to abstain from hearing Plaintiffs' claims under the doctrines espoused in Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976), and Younger v. Harris, 401 U.S. 37 (1971).

## LEGAL STANDARDS

For purposes of a motion to dismiss, a federal court accepts as true all well-pleaded factual allegations in the plaintiff's complaint.  Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996); Village of DePue v. Viacom Int'l, Inc., 632 F.Supp.2d 854, 861 (C.D. Ill. 2009).  The court must also draw all inferences in favor of the plaintiff.  Fredrick v. Simmons Airlines, Inc., 144 F.3d 500, 502 (7th Cir. 1998); Village of DePue, 632 F.Supp.2d at 861.

A motion attacking the Court's subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) is an appropriate avenue of raising the issue of abstention.  Beres v. Village of Huntley, Ill., 824 F.Supp. 763, 766 (N.D. Ill. 1992); Hanlin Group, Inc. v. Power Auth. of the State of N.Y., 703 F.Supp. 305, 306 (S.D.N.Y. 1989); see Tyrer v. City of South Beloit, Ill., 456 F.3d 744, 750 (7th Cir. 2006); Fed. R. Civ. P. 12(b)(1).  For purposes of a 12(b)(1) motion to dismiss, a federal district court "may look beyond the face of the plaintiff's complaint to resolve factual disputes." Rennie v. Garrett, 896 F.2d 1057, 1057-58 (7th Cir. 1990); see Beres, 824 F.Supp. at 766 (looking "to the complaints filed in the state court to

compare the causes of action pleaded and the remedies sought" in deciding whether to abstain from hearing federal case).

ANALYSIS

Defendants present two arguments for dismissal generally.  The first is that this Court should abstain from hearing this case under <u>Colorado River</u>.  In the alternative, Defendants argue that the Court should engage in <u>Younger</u> abstention.  The Court addresses each argument in turn.

I.   *COLORADO RIVER* ABSTENTION

The purpose of the <u>Colorado River</u> doctrine is to promote the wise and efficient administration of justice.  <u>Colorado River</u>, 424 U.S. at 817; <u>Clark v. Lacy</u>, 376 F.3d 682, 685 (7th Cir. 2004); <u>Caminiti & Iatarola, Ltd. v. Behnke Warehousing, Inc.</u>, 962 F.2d 698, 700 (7th Cir. 1992).  Federal district courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them."  <u>Colorado River</u>, 424 U.S. at 817; <u>see</u> 193 A.L.R. Fed. 291 (2004) (noting that abstention is rarely appropriate).  In general, a pending lawsuit in state court does not bar a federal court from exercising its jurisdiction over a case involving the same subject matter.  <u>Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1, 15 (1983); <u>Colorado River</u>, 424 U.S. at 817.  However, in exceptional circumstances a

federal court may abstain from hearing a claim concurrently pending in state court.  <u>Moses H. Cone</u>, 460 U.S. at 16; <u>Locke v. Bonello</u>, 965 F.2d 534, 537 (7th Cir. 1992).  Because <u>Colorado River</u> abstention is only appropriate in exceptional circumstances, the U.S. Court of Appeals for the Seventh Circuit has "recognized a general presumption against abstention."  <u>AXA Corporate Solutions v. Underwriters Reinsurance Corp.</u>, 347 F.3d 272, 278 (7th Cir. 2003); <u>see</u> <u>Sverdrup Corp. v. Edwardsville Community. Unit School Dist. No. 7</u>, 125 F.3d 546, 549-50 (7th Cir. 1997); <u>Parkland Environmental Group, Inc. v. Laborers' Int'l Union of N. America, Laborers' Local 477</u>, 2007 WL 1431876, at *4 (C.D. Ill. May 11, 2007).

To determine whether <u>Colorado River</u> abstention is warranted, a federal district court engages in a two-step analysis.  First, the court determines whether the suits are parallel.  <u>Caminiti</u>, 962 F.2d at 700.  A federal-court lawsuit is parallel to a state-court lawsuit if "substantially the same parties are contemporaneously litigating substantially the same issues in [the state court] . . . ."  <u>Id.</u> (quoting <u>Calvert Fire Ins. Co. v. Am. Mutual Reinsurance Co.</u>, 600 F.2d 1228, 1229 n.1 (7th Cir. 1979)) (internal quotation marks omitted); <u>see</u> <u>Beres</u>, 824 F.Supp. at 767.  The suits need not have identical issues or parties to be parallel for purposes of the

Colorado River doctrine.  AAR Int'l, Inc. v. Nimelias Enterprises S.A., 250
F.3d 510, 518 (7th Cir. 2001); Caminiti, 962 F.2d at 700, 701; see
Schneider Nat'l Carriers, Inc. v. Carr, 903 F.2d 1154, 1156 (7th Cir. 1990).
The operative inquiry is whether it is likely that "the state litigation will
dispose of all claims presented in the federal case."  Lumen Constr., Inc. v.
Brant Constr. Co., 780 F.2d 691, 695 (7th Cir. 1985); see Day v. Union
Mines, Inc., 862 F.2d 652, 656 (7th Cir. 1988) (quoting Lumen).

If a district court finds that the proceedings are parallel, it next
determines whether staying or dismissing the federal court proceeding would
advance the wise administration of justice.  The court makes its
determination by carefully balancing the following factors: (1) the
convenience of the federal forum; (2) avoiding piecemeal litigation; (3) the
order in which jurisdiction was obtained; (4) the source of governing law;
(5) the state forum's adequacy; (6) the relative progress of the two
proceedings; (7) the presence of concurrent jurisdiction; (8) the availability
of removal; and (9) whether the federal action is vexatious.  See Arizona v.
San Carlos Apache Tribe of Arizona, 463 U.S. 545, 570 (1983) (factor 6);
Will v. Calvert Fire Ins. Co., 437 U.S. 655, 666 (1978) (factor 7); Moses H.
Cone, 460 U.S. at 23, 26 (factors 4 & 5); Colorado River, 424 U.S. at 818

(factors 1-3); <u>Lumen</u>, 780 F.2d at 694-95 (factors 8 &9); <u>see</u> <u>also</u> <u>Sverdrup</u>, 125 F.3d at 549-50 (comprehensively discussing each factor and its source in the case law).  The weight the court gives these factors depends on the specific facts of each individual case.  <u>Moses H. Cone</u>, 460 U.S. at 16.

Here, Defendants argue that this case and the State Court Case are parallel because both turn on "whether Hess has a valid lien to assert against the settlement proceeds in [the Disputed Cases]."  <u>Memorandum</u>, p. 6. Defendants point out that a determination by the state court that Hess is not entitled to these fees and was properly terminated will act as a res judicata or collateral estoppel bar to the claims he asserts here.  Plaintiffs counter, without a single citation to relevant authority, that the proceedings are not parallel because their various claims in this case are not dependent on the validity of Hess' attorney's liens.

The Court finds that this suit and the State Court Suit are not parallel for <u>Colorado River</u> purposes.  The Court recognizes that both cases involve the validity of Hess' claims to attorney's fees in the Disputed Cases. However, the issues presented in Plaintiffs' Complaint here are much more comprehensive than the issues pending in the state court.  <u>See</u> <u>Adams v. West Bend Mut. Ins. Co.</u>, 1993 WL 114558, at *4 (N.D. Ill. Apr. 5, 1993).

11

For purposes of <u>Colorado River</u> abstention, the inquiry is whether the State Court Suit will resolve *all* of Plaintiffs' claims here.  <u>See</u> <u>AAR</u>, 250 F.3d at 519-20 (reversing a finding of parallelism because certain claims were not pending before the other court, making it "unlikely" that the other court would resolve those claims); <u>Lumen</u>, 780 F.2d at 695.  In this case, the Illinois court's decision on the validity of Hess' attorney's liens will not resolve all of Plaintiffs' claims in this case.  For example, Hess' claims for breach of contract go beyond fees in the Disputed Cases, and encompass salary and bonus payments that Defendants allegedly owe Hess pursuant to the Employment Agreement.  Furthermore, Hess' wrongful discharge claim is unrelated to the validity of the attorney's liens at issue in the State Court Case.

These facts, coupled with the exceptional nature of <u>Colorado River</u> abstention and the Seventh Circuit's professed presumption against abstention, cause the Court to hold that the cases are not parallel. Accordingly, the Court need not move on to the second step of the <u>Colorado River</u> test.

II.    *YOUNGER* ABSTENTION

Defendants next argue that this Court should abstain from hearing this case under Younger because the ultimate issue in this case and the State Court Case are the same.

In Younger, the U.S. Supreme Court held that a federal court may abstain from exercising jurisdiction when it would interrupt an ongoing state criminal proceeding.  Younger, 401 U.S. at 42; see Forty One News, Inc. v. County of Lake, 491 F.3d 662 (7th Cir. 2007).  The doctrine has since been expanded to cases where federal jurisdiction would impede state civil or administrative proceedings.  Pennzoil v. Texaco, Inc., 481 U.S. 1, 11 (1987); see 32A AM. JUR. 2d Federal Courts § 1082 (2010).  When the state-court action is a civil proceeding, Younger abstention is mandatory if the state proceeding is: "(1) judicial in nature, (2) involve[s] important state interests, and (3) provide[s] an adequate opportunity to raise the federal claims, as long as (4) no exceptional circumstances exist that would make abstention inappropriate." Stroman Realty, Inc. v. Martinez, 505 F.3d 658, 662 (7th Cir. 2007); see Forty One News, 491 F.3d at 665.

For purposes of the case at bar, the State Court Case is undeniably a proceeding that is judicial in nature.  Defendants cite Koranda v. City of

13

<u>Chicago</u>, and argue that the Court's exercise of jurisdiction here "would hinder the state court's ability to address the state court issues and could bind the state court." <u>Memorandum</u>, p. 10; <u>see</u> 2005 U.S. Dist. LEXIS 16222 (N.D. Ill. Aug. 2, 2005). <u>Koranda</u>, an unpublished case, stemmed from the 2003 deadly porch collapse at a multi-level apartment building in Chicago's Lincoln Park neighborhood. 2005 U.S. Dist. LEXIS 16222, at *2. The plaintiff, a survivor and the brother of one of the apartment dwellers who was killed, filed a federal civil rights suit against the City of Chicago and various City of Chicago officials. <u>Id.</u> However, the plaintiff's brother's estate had also sued the defendants in state court. <u>Id.</u> at *2-3. The defendants then filed a third-party complaint against the federal court plaintiff in the state court action, and moved the federal district court to dismiss the plaintiff's case under <u>Younger</u>. <u>Id.</u> at *3-4.

The district court dismissed the federal action under <u>Younger</u>, finding that both cases implicated the ultimate question of which party was responsible for the porch collapse. <u>Id.</u> at *9. The <u>Koranda</u> Court noted that several state court cases relating to the collapse had been consolidated before a state judge, and that exercising jurisdiction over the federal plaintiff's civil rights claims could potentially create a res judicata bar to the

14

issues being litigated in state court.  Id. at *9-10.  The court observed that "[t]he existence of parallel proceedings leads [to] a potentially inappropriate 'race' among the parties to be the first to litigate an issue in their respective case so that a preclusive effect in other cases could be established."  Id. at *10.  The Koranda Court determined that decisions regarding tort liability and the appropriate allocation of tort liability implicated important state interests, since these matters were traditionally the domain of state courts, and because there was no diversity of citizenship in the federal case.  Id. at *12-13.  Furthermore, the court held that the plaintiff could raise his federal claims in the state court action.  Id. at *13.

Koranda is inapposite for a number of reasons.  First, as discussed above, this case and the State Court Case are not parallel proceedings.  A determination by the state court that Hess' statutory attorney's liens in the Disputed Cases are invalid will not affect this Court's determination of his rights to compensation under the terms of his Employment Agreement with the Firm.  Second, the Koranda Court partly based its decision on the fact that the parties in the federal case were not diverse; that is not the case here, where this Court's jurisdiction is predicated on diversity of citizenship.  Thus, this case does not involve "important state interests" for Younger

purposes.  See Stroman, 505 F.3d at 662.

Turning to the third criterion, there are no federal law claims pending in this case or in the State Court Case.  The claims pending here are based on state law.  Even if there were claims based on federal law, though, the Illinois courts would be an appropriate and adequate forum in which to litigate such claims.  Finally, because the Court has determined that abstention is not warranted under the preceding three criteria, there is no need to discuss whether there are exceptional circumstances that would make abstention inappropriate.  Younger does not apply to this case.

THEREFORE, the Motion to Dismiss (d/e 13) is DENIED. Defendants are ordered to answer or otherwise plead to Plaintiffs' Complaint on or before May 7, 2010.  This matter is referred to U.S. Magistrate Judge Charles H. Evans for a Rule 16 scheduling conference. IT IS THEREFORE SO ORDERED.

ENTER:   April 23, 2010

FOR THE COURT:

_____s/  Jeanne E. Scott_____
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE